UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RICHARD PECANTTE, PAMELA          CIVIL ACTION NO. 6:11-cv-01231
RAYBURN, JACQUELINE PICARD,
and JOHNNY ROMERO d/b/a
EXECUTIVE QUARTERS,
individually and on behalf of
themselves and all others similarly
situated

VERSUS                            JUDGE WALTER

MULTI-CHEM GROUP, L.L.C.          MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

This matter came before the undersigned for a *sua sponte* jurisdictional review.
Finding that the plaintiffs have not borne their burden of establishing the Court's
subject-matter jurisdiction, the undersigned recommends that the action be
DISMISSED WITHOUT PREJUDICE.

The plaintiffs filed this suit in this Court, alleging that the Court has
jurisdiction under 28 U.S.C. § 1332, which confers jurisdiction on civil actions when
the parties are diverse in citizenship and the amount in controversy exceeds
$75,000.00.  (Rec. Doc. 1 at 2).  The undersigned reviewed the pleadings to
determine whether the requirements for diversity jurisdiction were satisfied and
concluded that the plaintiffs had not established that the parties are diverse in

citizenship.  (Rec. Doc. 17).  Accordingly, the undersigned ordered the plaintiffs to file a brief, supported with summary-judgment-style evidence, setting forth the facts establishing that the parties are diverse in citizenship.  (Rec. Doc. 17).  The undersigned then issued an order clarifying the parties' briefing deadlines.  (Rec. Doc. 18).

The plaintiffs timely submitted a responsive brief.  (Rec. Doc. 20).  Although the defendant was afforded an opportunity to respond to the plaintiff's brief, the defendant did not do so within the time allotted.

In the briefing order (Rec. Doc. 17), the undersigned expressly directed the plaintiffs to address the citizenship of plaintiffs Johnny Romero and Executive Quarters because the lack of allegations concerning the citizenship of those plaintiffs in the complaint made it impossible for the undersigned to determine whether the parties are diverse.  In their responsive briefing, however, the plaintiffs did not provide any evidence concerning the citizenship of Johnny Romero or Executive Quarters nor did they amend their complaint to allege the citizenship of those two plaintiffs.  Accordingly, the undersigned remains unable to determine whether the plaintiffs are diverse in citizenship from the defendant.

Similarly, the undersigned advised the plaintiffs, in the briefing order, that the diversity analysis for a limited liability company such as defendant Multi-Chem

Group, L.L.C., requires analysis of the citizenship of each and every member of the company. In their responsive briefing, however, the plaintiffs did not list Multi-Chem's members or state the citizenship of its members. Instead, the plaintiffs relied on legal principles that apply to corporations – but do not apply to limited liability companies – to argue that Multi-Chem is diverse in citizenship from the plaintiffs.

Federal courts are courts of limited jurisdiction[1] and are obligated to examine the basis for the exercise of federal subject-matter jurisdiction.[2] A lack of subject-matter jurisdiction may be raised at any time, and a court may raise the issue *sua sponte*.[3] The burden of establishing federal jurisdiction rests on the party invoking the federal forum.[4] In this case, the plaintiffs must bear that burden. When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[5] The citizenship of a limited liability company is determined by the citizenship of all of its members.[6] When a member of an LLC is itself an LLC or a

---

[1] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

[3] *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

[4] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[5] *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

-3-

partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.[7]  If any one of the members is not diverse, the LLC is not diverse.

In neither their complaint nor in their briefing did the plaintiffs name the members of the defendant company or provide evidence of their citizenship. Therefore, they have not distinctly and affirmatively alleged the citizenship of the defendant company.  Similarly, the plaintiffs have not established the citizenship of two of the named plaintiffs.

Despite having been afforded an opportunity to establish that this Court has jurisdiction over this action under 28 U.S.C. § 1332, the plaintiffs failed to provide sufficient information that would permit the undersigned to determine whether the parties are – or are not – diverse in citizenship.  Therefore, the undersigned finds that the plaintiffs' submission is deficient with regard to the citizenship of the parties.

The plaintiffs in this lawsuit have the burden of establishing that the plaintiffs are diverse in citizenship from the defendant.  Despite having been afforded the opportunity to do so, they have not satisfied that burden.  Accordingly, it is RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

---

[7]      See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 26th day of March 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)